IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1997

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9604-CC-00134 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | RUTHERFORD COUNTY |
| VS. | ) | |
| | ) | HON. JAMES K. CLAYTON, JR. |
| RICHARD MCADAMS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal) |

FOR THE APPELLANT:

GUY R. DOTSON, JR.
102 South Maple Street
Murfreesboro, TN 37130

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

BILL WHITESELL
District Attorney General

JOHN W. PRICE, III
Assistant District Attorney
303 Rutherford County Judicial Bldg.
Murfreesboro, TN 37130

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Richard McAdams entered a plea of guilty in the Rutherford County Circuit Court to one count of possession of marijuana for resale. As a Range I standard offender, the Appellant received a sentence of one year and six months of incarceration with the Tennessee Department of Correction, all of which was suspended with the exception of 35 days to be served in the Rutherford County Workhouse. Appellant also received a fine of $2,000. While in the workhouse Appellant was placed on work release status. On April 18, 1995, a probation revocation warrant issued for Appellant. Appellant allegedly violated workhouse rules in that he endeavored to bring contraband into the workhouse upon returning to that facility from work. Following a probation revocation hearing, Appellant was removed from work release and ordered to serve 45 days of straight incarceration at the Rutherford County Jail beginning January 8, 1996, and to serve the remainder of his sentence on supervised probation. In this direct appeal, Appellant contends that there was insufficient evidence to support the trial court's ruling revoking Appellant's probation.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

The proof shows that on March 4, 1994 officers of the LaVergne Police Department arrested Appellant for possession of marijuana for resale. During a search of Appellant's vehicle, the police recovered a plastic bottle containing Xanax and a set of triple beam scales.

On September 6, 1994, a Rutherford County Grand Jury indicted Appellant for possession of a Schedule VI controlled substance (marijuana) with intent to sell or deliver in violation of Tennessee Code Annotated Section 39-17-417. Appellant was also indicted for possession of a Schedule IV controlled substance in violation of

Tennessee Code Annotated Section 39-17-417. Finally, Appellant was indicted for possession of drug paraphernalia in violation of Tennessee Code Annotated 49-17-425. On February 28, 1995, Appellant pleaded guilty to the reduced charge of possession of a Schedule VI controlled substance with intent to sell or deliver. The second and third counts of the indictment were dismissed. As part of a plea agreement dated February 28, 1995, Appellant received a sentence of 35 days in the Rutherford County Workhouse and a suspended sentence of one year and six months. Appellant was further ordered to pay a fine of $2,000. Following a hearing on Appellant's alleged violation of workhouse rules, the Rutherford County Circuit Court revoked Appellant's suspended sentence and ordered Appellant to serve 45 days in the county workhouse and to serve the remainder of the sentence on supervised probation.[1]

## II. REVOCATION OF PROBATION: SUFFICIENCY OF THE EVIDENCE

Tennessee Code Annotated Section 40-35-310 authorizes the trial judge to revoke a defendant's suspended sentence whenever that judge determines that the defendant has violated the conditions of his probation. Evidence of a probation violation need not be demonstrated beyond a reasonable doubt. Rather, it is sufficient to prove the existence of a violation by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d) (1990); State v. Wall, 909 S.W.2d 8, 9 (Tenn. Crim. App. 1994). Moreover, all that the evidence need show is that the trial judge acted conscientiously, rather than arbitrarily, in determining whether or not to revoke the defendant's probation. Wall, 909 S.W.2d at 10; Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim.

---

[1]The original order issued by the Rutherford County Circuit Court filed on February 28, 1995 states that Appellant is sentenced to serve 35 days in the Rutherford County Workhouse. However, the court issued an amended order dated March 31, 1995 which states that Appellant is sentenced to 40 days in the county workhouse. In the brief for the State of Tennessee, the State refers to the March 31 order sentencing Appellant to 40 days but notes that Appellant utilizes the March 31 order sentencing Appellant to 45 days. Finally, following his probation revocation hearing, the order issued on November 20, 1995 sentenced Appellant to 45 days in the Rutherford County Work House.

App. 1980). On review, the conclusions of the trial judge in a probation revocation proceeding are accorded the weight of a jury verdict. <u>Wall</u>, 909 S.W.2d at 10; <u>Stamps</u>, 614 S.W.2d at 73 (citing <u>Carver v. State</u>, 570 S.W.2d 872 (Tenn. Crim. App. 1978)). This Court employs an abuse of discretion standard when reviewing the decision of a trial court revoking probation or a suspended sentence. <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991) (citing <u>State v. Williamson</u>, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). "For this Court to find an abuse of discretion by the trial court in a probation revocation case, a defendant must demonstrate `that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" <u>Wall</u>, 909 S.W.2d at 10 (quoting <u>State v. Delp</u>, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).

The record is replete with testimony and discussion regarding several instances where Appellant allegedly returned to the Rutherford County Workhouse in an intoxicated condition. However, because the probation violation warrant does not allege a violation of probation based on alleged intoxication, this Court cannot condone the trial court's decision to revoke Appellant's probation insofar as that decision is premised on evidence of Appellant's alleged intoxication. <u>See Practy v. State</u>, 525 S.W.2d 677, 680, 682 (Tenn. Crim. App. 1974).

In <u>Practy</u>, this Court enunciated the constitutionally-mandated procedural due process standards as applied to a probation revocation proceeding. <u>Id.</u> at 679-80 (citing <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and <u>Morrissey v. Brewer</u>, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972)). The <u>Practy</u>

Court then enumerated the "`minimum requirements of due process'" as first set forth by the United States Supreme Court in <u>Morrissey</u>:

> `(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied upon and reasons for revoking [probation or] parole.'

<u>Id.</u> at 680 (quoting <u>Morrissey</u>, 92 S.Ct. 2604)

Since the probation violation warrant fails to give notice that alleged intoxication is a basis upon which probation revocation is sought, due process prohibits the use of evidence of intoxication as a basis for revocation.[2]

In the probation revocation warrant, Appellant did receive adequate notice of his alleged violation of workhouse rules in the attempt to bring contraband into the facility. The trial court found that on at least two occasions, Appellant endeavored to bring contraband (cigarettes) into the Rutherford County Workhouse. The record amply buttresses this conclusion. On March 22, 1995, Appellant entered the workhouse while smoking a cigarette. Additionally, on that same date, Appellant surrendered a pack of cigarettes to the officers searching him upon his return to the workhouse. <u>Id.</u> On March 31, Appellant again attempted to bring three packs of cigarettes into the workhouse by concealing them in his socks and shirt. We, therefore, affirm the

---

[2] This arrest warrant further avers that Appellant has violated the terms of his probation by failing to pay his fine on April 1, 1995. This refers to a $2,000 fine which the trial court ordered to be paid by Appellant in two installments of $1,000 each and which were due on April 1 and May 1, 1995. Ultimately, Appellant paid the $2,000 fine on May 26 of that same year.

judgment of the trial court revoking Appellant's suspended sentence with respect to Appellant's violation of the workhouse rules prohibiting the bringing of cigarettes into the facility.

                                            _____
                                              JERRY L. SMITH, JUDGE

CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JOE G. RILEY, JUDGE