IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. RONALD EUGENE PURDY

**Direct Appeal from the Circuit Court for Madison County**
**No. 00-958     Roy B. Morgan, Jr., Judge**

_____

**No. W2001-02868-CCA-R3-CD  - Filed August 6, 2002**

_____

The trial court placed the defendant on probation for eight years.  As a condition of probation, the defendant was required to complete a one-year drug rehabilitation program.  When the defendant violated his probation by failing to complete the program and failing to report to his probation officer upon his discharge from the program, the State filed a probation violation report with the court.  After a hearing, the trial court revoked the defendant's probation.  The defendant appeals, claiming that the trial court abused its discretion in revoking his probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

George Morton Googe, District Public Defender, and Stephen P. Spracher, Assistant Public Defender, for the appellant, Ronald Eugene Purdy.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; James G. Woodall, District Attorney General; and Jody Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Ronald Eugene Purdy, was indicted for aggravated burglary, a Class C felony.  On May 21, 2001, the defendant pled guilty to burglary, a Class D felony.  The trial court sentenced the defendant as a persistent offender to eight years in the Tennessee Department of Correction.  The trial court then suspended this sentence and placed the defendant on probation for eight years.  The trial court conditioned the defendant's probation on the following:  (1) completion of one year at Teen Challenge, a drug rehabilitation program, (2) supervision by a state probation officer, (3) no contact with the victim, (4) payment of costs at the rate of $50 a month starting thirty days after his completion of the drug program, and (5) incarceration until admittance in the drug program.  On

August 8, 2001, the defendant entered the Teen Challenge program. According to the Teen Challenge report sent to the defendant's probation officer, on August 22, 2001, the defendant "refused to do his discipline after using foul language," requested to leave the program, and was discharged. Two days later, on August 24, 2001, Danny Dudley, the defendant's probation officer, filed a probation violation report for the defendant's failure to report after his discharge from the program.

The defendant's probation revocation hearing was held on November 19, 2001. At the beginning of the hearing, both sides stipulated that the defendant had previously pled guilty to burglary on May 21, 2001, in exchange for an eight-year probation period. At the hearing, the trial court advised that the violation alleged as to the defendant was "[f]ailure to complete treatment as required." To this, defense counsel responded: "Admits to leaving Teen Challenge before completing it, Your Honor. Has an explanation."

Danny Dudley, the defendant's probation officer, was the only witness to testify at the revocation hearing. Dudley testified that he was a probation officer for the Tennessee Board of Probation and Parole and had been in charge of supervising the defendant. Pursuant to the court's judgment, the defendant was incarcerated until his acceptance into the Teen Challenge program. Dudley said that the defendant entered the program on August 8, 2001. Dudley said the defendant knew he was to report to his office when he was discharged from the program. However, the defendant never notified him or his office that he had been discharged. Dudley said he had no record of the defendant coming to his office at any time. Defense counsel declined to question Dudley on cross-examination. The defendant did not put on any proof, including an "explanation" for leaving the program, or present any further argument during the hearing. At the conclusion of the hearing, the trial court made its findings:

> The Court finds under the circumstances, based upon the Defendant's own admission, he failed to complete the program which was required.
>
> I also find by a preponderance of the evidence based upon the probation officer's testimony that this Defendant knew when to report if and when he left the program, and the probation officer's testimony is the records didn't indicate the Defendant ever reported to him, and if he's obviously not in the program, he's in custody and admitted he left the program. So that has been established by a preponderance of the evidence.
>
> The Defendant not having complied, in violation, is revoked to serve sentence as imposed.

On November 26, 2001, the trial court entered its order revoking the defendant's probation, citing the defendant's failure to report to his probation officer and his failure to complete the drug

treatment program as ordered. The defendant filed a timely notice of appeal. In his appeal, the defendant argues only that the trial court abused its discretion in revoking his probation.

## ANALYSIS

The defendant argues that the trial court abused its discretion because no substantial evidence was presented at the hearing to support its decision to revoke probation. He claims that he was only required to enter, not complete, the Teen Challenge rehabilitation program as a condition of his probation.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (1997). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

Upon review, we conclude that the trial court did not abuse its discretion in this matter. The defendant's judgment form explicitly states: "Defendant must successfully complete Teen Challenge (1 Year Program)." Additionally, the probation order, which bears the defendant's signature, lists, as a special condition of probation, that the "[d]efendant must successfully complete [the] teen challenge (1 yr. program)." Despite this one-year requirement, the defendant left the program after only two weeks. Although the defendant asserts on appeal that he was required only to "enter" the program, not to complete it, he presented no basis, either at the hearing or on appeal, for such an assertion. Accordingly, we conclude that the defendant violated his probation by failing to complete the Teen Challenge program.

The evidence also clearly supports the trial court's finding that the defendant violated his probation by failing to report to his probation officer. Danny Dudley, the defendant's probation officer, testified that although he instructed the defendant to report to him as soon as he was discharged from the program, he had no record of the defendant ever coming to his office. Given this evidence, we find this issue without merit as well.

The record on appeal supports the trial court's revoking the defendant's probation. Accordingly, we conclude that the trial court did not abuse its discretion in so doing.

**CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the revocation of probation.

_____

ALAN E. GLENN, JUDGE