IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 2, 2003

## STATE OF TENNESSEE v. BILLY M. HIGGINS

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8064     C. Creed McGinley, Judge**

---

**No. W2003-00310-CCA-R3-CD  - Filed December 30, 2003**

---

The defendant, Billy M. Higgins, appeals the revocation of his probation, arguing that the trial court abused its discretion in revoking his probation for failure to complete a drug rehabilitation program. Following our review, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant District Public Defender, for the appellant, Billy M. Higgins.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The defendant was convicted on December 10, 2001, of one count of delivery of .5 grams or more of cocaine, a Class B felony, and one count of delivery of under .5 grams of cocaine, a Class C felony. He received an effective sentence of eight years, with seven years and four months to be served on supervised probation, and was ordered to complete long-term drug rehabilitation in the Teen Challenge Program as a special condition of his probation. On October 10, 2002, a probation violation report was filed, alleging that the defendant had violated his probation by not completing the Teen Challenge Program.

At the defendant's January 9, 2003, revocation hearing, his probation officer, Jeff Nichols, testified that the defendant was placed on probation on January 22, 2002, with the special condition

that he complete the Teen Challenge Program in Michigan. The defendant remained in the program until October 2, 2002, when he left the premises without permission. Nichols said the defendant reported to him the day he arrived back in Tennessee, saying he would turn himself in, but he never did.

The forty-one-year-old defendant testified that he stayed in the Teen Challenge Program for eight months but did not complete it. He said he had a conflict with a man in the program because the man "didn't see eye to eye with the way I was looking at the Bible as my reference to how I live." On October 2, 2002, he went to the office to speak to this man who then asked him to leave the program. The defendant said that he "never walked away" from the program, that he "signed [his] own papers" upon leaving, and that he left the program "with their blessing." As soon as he arrived back in Tennessee, he reported to Nichols who advised him that a warrant had been issued for him. The defendant said that Teen Challenge was the first time he had ever asked for help or been to a rehabilitation program. According to the defendant, the program had changed his life completely, and he had not used drugs or alcohol in the past twenty months. He said he had joined a church and wanted "to do something that's good, be part of the solution, not the problem." On cross-examination, the defendant acknowledged that the trial court told him at his sentencing hearing that he was a "very borderline" candidate for probation.

At the conclusion of the hearing, the trial court found that the defendant had violated the conditions of his probation by not completing the rehabilitation program and ordered that he serve his eight-year sentence in the Department of Correction.

## ANALYSIS

The defendant argues that the trial court's decision to revoke his probation "was an arbitrary one and not a conscientious one," saying that he only left the Teen Challenge Program because of "a religious disagreement with a person in the program."

A trial court is granted broad authority to revoke a suspended sentence and reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (1997). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

In determining that the defendant's probation should be revoked, the trial court stated:

> He voluntarily submitted himself to this program. It was one of the conditions that – and I probably said questionable concerning his background. Really and truly, I went out on a limb, and he indicated sincerity. As I recall, there were several witnesses that indicated confidence that he would complete this. He, quite simply, did not abide by the conditions of his probation, and the Court so finds. He'll be revoked.

The defendant's probation officer testified that a special condition of the defendant's probation was to complete the Teen Challenge Program, but he failed to do so. The defendant himself admitted at the hearing that although he stayed in the program for eight months, he did not complete it. Accordingly, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering that he serve his eight-year sentence in the Department of Correction.

_____
ALAN E. GLENN, JUDGE