**STATE of Tennessee, Appellee,**

v.

**Hillard Vester WALL, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 15, 1994.

 

Levitt & Levitt, Lloyd A. Lovitt, Chattanooga, for Appellant.

Charles W. Burson, Attorney General & Reporter, Jeannie Kaess, Assistant Attorney General, Criminal Justice Division, Nashville, Gary D. Gerbitz, District Attorney General, Stan Lanzo and H.C. Bright, Asst. Dist. Attorneys General, Chattanooga, for Appellee.

## OPINION

SUMMERS, Judge.

Appellant, Hillard Vester Wall, Jr., presents an appeal as of right from a judgment entered by the Hamilton County Criminal Court revoking his probation. On appeal, appellant contends that there was insufficient evidence to support the trial court's decision to revoke his probation.

Appellant pled guilty to grand larceny and presenting a false or fraudulent insurance claim over $10,000. The trial court sentenced appellant to serve two years for grand larceny and three years for presenting a false insurance claim, and the court ordered both sentences to be served on probation. A probation violation report was submitted on November 12, 1992, alleging that appellant had violated his probation by: (1) leaving Hamilton County, Tennessee, without permission from his probation officer, and (2) failing to obey the law by being arrested for aggravated assault and criminal damage to private property. After a hearing, the trial court revoked appellant's suspended sentence.

When a trial judge finds that a defendant has violated the conditions of his or her probation, the judge has the authority to revoke probation. T.C.A. § 40-35-310. In making this determination, the trial judge need not find beyond a reasonable doubt that a violation of the terms of probation has occurred. The existence of a violation need only be supported by a preponderance of the evidence. T.C.A. § 40-35-311(d). The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn.Crim. App.1991).

**10**

In probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge. *Bledsoe v. State,* 387 S.W.2d 811, 814 (Tenn.1965); *State v. Delp,* 614 S.W.2d 395, 398 (Tenn.Crim.App. 1980). On review, the findings of the trial judge have the weight of a jury verdict. *Carver v. State,* 570 S.W.2d 872, 875 (Tenn. Crim.App.1978). For this Court to find an abuse of discretion by the trial court in a probation revocation case, a defendant must demonstrate "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *Delp,* 614 S.W.2d at 398. In this case, the trial court exercised conscientious judgment in revoking appellant's probation. We therefore uphold the lower court's decision.

At the probation revocation hearing, the state called no witnesses, instead relying on the probation violation report. In defense, appellant testified in his own behalf. He stated that he often left the jurisdiction of Hamilton County because his children and parents lived in Georgia. He testified that he went to Georgia at least once a week to eat lunch with his daughter. He admitted that in doing so he was violating his probation.

Appellant then explained the circumstances which resulted in the criminal charges against him. He stated that he drove to Trenton, Georgia, to eat lunch with his daughter. Upon arriving in Trenton, he stopped at a store owned by his ex-wife to give her a child support check. His former mother-in-law was at the store and the two began to argue. She slapped appellant and then grabbed a bar stool, threatening to throw it at him. Appellant took the stool out of her hands and threw it across the sales counter. He then left the store. Further testimony revealed that the assault charge was dropped and the criminal damage charge was reduced to criminal trespassing. On cross-examination, the state asked appellant whether he was guilty of the criminal trespass, and he responded affirmatively.

Appellant later supplemented the record to show that the State of Georgia had *nolle prossed* the criminal trespassing charge "at the request of the victim as matter was resolved in civil domestic case."

On appeal, appellant argues that the trial court erred in revoking his probation on the basis of the probation violation report. He submits that the probation report offered insufficient evidence to sustain the court's finding of a violation of his probation and notes that the report was never entered into evidence.

At a probation revocation hearing, "reliable hearsay" may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted. T.C.A. § 40–35–209(b). The probation report that appellant complains of is precisely the type of reliable hearsay contemplated under T.C.A. § 40–35–209(b). Appellant had the opportunity to rebut anything in the probation report; however, he confirmed many of its findings. He further contends that the report was not reliable hearsay because it was never admitted into evidence. Despite this, appellant never objected to the report at the hearing and the judge later ordered it to be attached as an exhibit. We find he has waived any argument concerning its admission into evidence.

Although appellant's charge of criminal trespass was *nolle prossed* by the State of Georgia, we find the record to contain substantial evidence to support the trial judge's conclusion that appellant violated the terms of his probation. Indeed, his admissions alone provide sufficient proof. While the actions that resulted in the revocation of his probation may seem trivial to appellant, he entered into the probation agreement knowing full well its terms and conditions. We find the existence of a violation to be supported by a preponderance of the evidence. T.C.A. § 40–35–311(d).

The judgment of the trial court is affirmed.

SCOTT, P.J., and BIRCH, J., concur.