IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION

FILED

September 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9611-CR-00414 |
| | * | |
| Appellee, | * | McMINN COUNTY |
| VS. | * | |
| | * | Hon. R. Steven Bebb, Judge |
| WAYNE MCDONALD, | * | |
| | * | (Probation Revocation) |
| Appellant. | * | |
| | * | |

For Appellant:

Charles Corn
District Public Defender
10th Judicial District
P.O. Box 1453
Cleveland, TN  37364-1453

For Appellee:

Charles W. Burson
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Jerry Estes
District Attorney General
10th Judicial District
Washington Avenue
Athens, TN  37303

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

On August 10, 1984, the defendant, Wayne McDonald, was convicted of embezzlement and larceny and sentenced to two consecutive five-year terms.[1] The trial court granted the defendant full probation through August 10, 1994. On February 12, 1993, after one or more probation violations, the defendant's probation was extended three years, presumably through August 10, 1997. On July 8, 1996, the trial court revoked probation when the defendant was convicted of forgery and failed to pay restitution as required by the prior order. The trial court ordered both five-year consecutive sentences, a total of ten years, to be executed.

In this appeal of right, the defendant claims that the trial court erred by revoking probation. We affirm.

At the revocation hearing, it was conceded that the defendant had failed to pay restitution and had a new conviction for forgery. Nonetheless, the defendant argued that he should not be sentenced to incarceration because he was the sole caretaker of his ill, elderly mother. The defendant testified about the severity and duration of his mother's illness and claimed that he was forced to commit forgery in order to pay for his mother's medical care. The defendant claimed that his own son had stolen $2,800 from him.

Lebron Smith, the defendant's probation officer, testified that he spoke with an elderly-sounding woman over the telephone who identified herself as the defendant's mother. He testified that she claimed to be in poor health and needed her son for support.

---

[1]The range of punishment for grand larceny was three to ten years. Tenn. Code Ann. § 39-3-1104 (1982 repl.). The range was the same for embezzlement. Tenn. Code Ann. § 39-3-1121 (1982 repl.).

2

The trial court found that the defendant had no hesitation about violating the law, failed to inform his probation officer of his forgery conviction, and had failed to comply with the terms of his probation. The trial court noted that three years before, the defendant had a probation revocation hearing based on the failure to pay $500 per month restitution; afterward, the amount of restitution was reduced to $333 per month, an amount the defendant agreed he could afford to pay. The defendant failed to pay restitution under the revised pay schedule.

When a probation revocation is challenged, the appellate courts have a limited scope of review. If the trial judge finds by a preponderance of the evidence "that the defendant has violated the conditions of his probation," probation may be revoked. Tenn. Code Ann. § 40-35-311(d). This decision to revoke a suspended sentence rests in the sound discretion of the trial court. The Sentencing Commission Comments to Section 40-35-310 provide that "[u]pon revocation, the original sentence imposed can be placed into effect." The determination by the trial court, if conscientiously made, is entitled to an affirmance; the record must merely demonstrate that there is substantial evidence to support its conclusions. State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); see also State v. Williamson, 619 S.W.2d 145, 147 (Tenn. Crim. App. 1981).

On appeal, the findings of the trial court are entitled to the weight of a jury verdict, and the defendant has the burden to demonstrate that the record contains no substantial evidence to support the finding of the trial court that a violation of the conditions of probation has occurred. State v. Wall, 909 S.W.2d 8, 9-10 (Tenn. Crim. App. 1994); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Upon a violation of probation, "the trial judge shall have the right by order duly entered upon the minutes of [the] court, to revoke the probation and suspension of

3

sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310 ...." Tenn. Code Ann. § 40-35-311(d).

In our view, the trial court did not abuse its discretion. There was clearly sufficient evidence to support the trial court's determination that the terms of probation had been violated.

There are two issues, however, which were not raised by either party. First, the defendant was sentenced to two, five-year sentences. They were ordered to be consecutive. At first glance, it would appear that one of the sentences had expired by the time the trial court revoked probation. At our request, the record on appeal was supplemented with copies of the judgment forms. These documents confirm that the these sentences were to "be served consecutive with ... Texas District Court No. 180." Without knowing when the Texas sentence expired, we cannot determine whether either of the defendant's five-year sentences had expired before the revocation of probation.[2] If the defendant had served his entire probationary term on one of the convictions, the trial judge would have been without authority to order service of the expired sentence; Tenn. Code Ann. § 40-35-310 provides authority to revoke only during the "time which was directed and ordered by the court for such suspension." See also Rowell v. Dutton, 688 S.W.2d 474, 477 (Tenn. Crim. App. 1985) (holding that habeas corpus relief was appropriate where the Governor had "exercise[d] his revocation authority over a commutee after the expiration of his sentence.") Yet this record does not provide us with the

---

[2]"The courts may take judicial notice of the court records in an earlier proceeding of the same case and the actions of the courts thereon." Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987). In addition, appellate courts are authorized to supplement incomplete records. Tenn. R. App. P. 24(e). It is inappropriate, however, for our court to do the factual investigation necessary to determine the terms of the Texas judgment.

4

information necessary to make an assessment on that issue.

A second observation relates to the February 12, 1993, extension of the defendant's probation for a period of three years. That extension exceeded the authority vested in the trial court "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision <u>for any period not in excess of two (2) years</u>." Tenn. Code Ann. § 40-35-308 (c) (emphasis added). Because, however, the defendant's probation violations occurred prior to the July 8, 1996, revocation hearing, within the two years authorized by statute, the trial court acted in compliance with the law.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Paul G. Summers, Judge


_____
William M. Barker, Judge