IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1999 SESSION



**FILED**

**February 10, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # W1999-00072-CCA-R3-CD |
| Appellee, | * | MADISON COUNTY |
| VS. | * | Hon. Franklin Murchison, Judge |
| WANDA YVETTE BLEDSOE, | * | (Probation Revocation) |
| Appellant. | * | |

For Appellant:

C. Michael Robbins
46 North Third Street
Suite 719
Memphis, TN 38103
(on appeal)

George Morton Googe
District Public Defender
and
Vanessa D. King
Assistant Public Defender
227 West Baltimore Street
Jackson, TN 38301
(on appeal and at trial)

For Appellee:

Paul G. Summers
Attorney General and Reporter

R. Stephen Jobe
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

Donald H. Allen
Assistant District Attorney General
State Office Building, Suite 201-A
Jackson, Tennessee 38302

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The defendant, Wanda Yvette Bledsoe, appeals the trial court's revocation of her probation. The single issue for review is whether the trial court abused its discretion.

We find no error and affirm the judgment of the trial court.

On April 14, 1998, the defendant entered pleas of guilt to eight counts of forgery. Tenn. Code Ann. § 39-14-114. The trial court classified the defendant as a Career Offender and imposed sentences of six years for each count, all to be served concurrently. Her sentence was suspended and she was placed on intensive probation conditioned upon 50 hours of community service, full-time employment, random drug screening, regular meetings with her probation officer, and payment of $200 per month until making full restitution in the amount of $3,786.44. If the defendant paid her court costs and restitution installments within the first year, she was to be transferred to regular probation.

On August 20, 1998, a probation officer filed a notice of violation charging that the defendant had failed to report to the office as required, had failed to perform community service work, and had failed to pay her court costs, probation fees, and restitution. Almost nine months later, the officer filed a second notice of violation charging her with failure to perform community service, failure to pay her court costs and restitution, and convictions for criminal impersonation and evading arrest.

At the probation revocation hearing, Robert Madden, the defendant's probation officer, testified that the defendant was convicted of criminal impersonation and evading arrest on March 25, 1999, and that she failed to report the convictions. Madden also testified that the defendant had failed to report to the probation office for the ten months preceding the probation revocation hearing and had failed to pay any of her fees, court costs, or restitution within the 13 months

2

after her convictions.

Madden conceded that because he had been the defendant's probation officer for only two or three weeks before the revocation hearing, his knowledge of the violations was based on the information contained in the files, rather than personal knowledge. He also testified that the defendant had two probation officers before he was assigned and that one of the officers had visited the defendant at her place of employment in June and July of 1998.

The defendant's father, Merle Bledsoe, testified that the defendant was "living in a fantasy world" where "things don't really register." He stated that he believed she would benefit from counseling, that he would help with restitution, and that he was otherwise willing to help her successfully complete her period of probation.

The defendant, age 37 at the time of the hearing, testified that she was sorry "for not coming to court, and I know I haven't done right." She explained that she had not paid her fees because she was waiting on her former probation officer to contact her about a reduction in the monthly payment. She further explained that she did not report to the probation office because her former probation officer "would come to my job and he would call my job. . . . He knew my schedule, and I thought we had a clear understanding." She stated that she worked everyday, "from 5:00 in the morning until 7:30 or 8:00 at night" and that she would "do everything right" if given another chance. She claimed that she would pay her restitution in full and that she knew people who were willing to help her pay.

When a probation revocation is challenged, the appellate courts have a limited scope of review. If the trial judge finds by a preponderance of the evidence "that the defendant has violated the conditions of his probation," probation may be revoked. Tenn. Code Ann. § 40-35-311(d). This decision to revoke a suspended sentence rests in the sound discretion of the trial court. The Sentencing

3

Commission Comments to Section 40-35-310 provide that "[u]pon revocation, the original sentence imposed can be placed into effect." The determination by the trial court, if conscientiously made, is entitled to affirmance; the record must merely demonstrate that there is substantial evidence to support the trial court's conclusions. State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); see also State v. Williamson, 619 S.W.2d 145, 147 (Tenn. Crim. App. 1981).

On appeal, the findings of the trial court are entitled to the weight of a jury verdict, and the defendant has the burden of demonstrating that the record contains no substantial evidence to support the finding of the trial court that a violation of the conditions of probation has occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Wall, 909 S.W.2d 8, 9-10 (Tenn. Crim. App. 1994). Upon a violation of probation, "the trial judge shall have the right by order duly entered upon the minutes of [the] court, to revoke the probation and suspension of sentence and cause the defendant to commence execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310 . . . ." Tenn. Code Ann. § 40-35-311(d).

> At the conclusion of the hearing, the trial judge ruled as follows:
>
> [The defendant has] these convictions that we've talked about, criminal impersonation and evading arrest, that she's committed while she's been on . . . intensive probation. . . . She didn't report the arrest; she's been an absconder, . . . hasn't reported since last year . . . . She's missed an untold number of court dates . . . just for no apparent reason. Of course, she hasn't paid anything on anything . . . . When you sum it up, Ms. Bledsoe is never going to . . . be able to handle probation. She's just not going to be able to do it . . . . [S]he's violated her probation in substantial ways . . . . I'll give her some credit for coming in here humbly, asking for some relief, but she's better off going to the Tennessee Department of Correction . . . . [T]hat's where she needs to be; she can't be handled on probation. She's proved that over a long, extended period of time, with repeated violations. And, she just can't handle probation.

While the defendant claims that her extended work schedule prevented her from being able to meet with her probation officer, she has not made

a single payment toward her court costs, probation fees, or restitution. The record demonstrates that she has failed to appear in court as required on at least two occasions. There is proof in the record that when officers arrived to arrest the defendant for failing to abide by the terms of her probation, she lied to the officers about her identity and then ran into an office and locked the door. The officers found the defendant hiding under a desk. This incident led to convictions for criminal impersonation and evading arrest. The defendant did not report these offenses to her probation officer. At the hearing, the defendant acknowledged that she had violated the terms of her probation.

Under these circumstances, the trial court cannot be held to have abused its discretion by revoking probation.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
John Everett Williams, Judge

_____
Norma McGee Ogle, Judge