IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

FILED

February 15, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # E1999-00409-CCA-R3-CD |
| Appellee, | * | KNOX COUNTY |
| VS. | * | Hon. Richard R. Baumgartner, Judge |
| ANDRE L. LEE, | * | (Revocation of Probation) |
| Appellant. | * | |

For Appellant:

Mark E. Stephens
District Public Defender

Paula R. Voss
1209 Euclid Avenue
Knoxville, TN 37921
(on appeal)

Randall Jay Kilby
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921
(at trial)

For Appellee:

Paul G. Summers
Attorney General and Reporter

Peter M. Coughlan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Marsha Selecman
and
Anne S. Crisler
Asst. District Attorneys General
City-County Building
Knoxville, TN 37902

OPINION FILED:_____


AFFIRMED


GARY R. WADE, PRESIDING JUDGE

The defendant, Andre L. Lee, appeals the trial court's decision to revoke probation and to require that the remainder of his sentence be served in the Department of Correction. The single issue presented for review is whether the trial court abused its discretion by revoking his probation.

We find no error and affirm the judgment of the trial court.

On January 31, 1999, the defendant entered a guilty plea to arson. Tenn. Code Ann. § 39-14-301. The trial court originally imposed a sentence of four years, one of which was to be served in the Knox County Jail and the balance of which was to be served on intensive probation. After service of some jail time, the defendant filed a motion to reconsider and, on April 21, 1997, the trial court placed the defendant on probation. The probation was conditioned upon the defendant's compliance with the law and exhibition of conduct consistent with good citizenship. Seven months later, the state filed a warrant for the violation of probation as follows: (1) failure to report to the probation officer; (2) failure to maintain full employment; (3) failure to inform the probation officer of changes in employment; (4) curfew violations; (5) failure to pay court costs; and (6) failure to pay fees. On December 4, 1998, the trial court dismissed the petition and returned the defendant to intensive probation. A little over two weeks later, on December 21, 1999, the state filed another warrant alleging that the defendant violated the law by committing an aggravated assault.

At the revocation hearing, the defendant's ex-girlfriend, Rhonda Lee Burkhart, testified that on December 19, 1998, she made bail for the defendant, who had been jailed for failure to pay child support. She testified that after his release, an argument ensued and the defendant began to choke her while she was driving her automobile. She recalled that during the altercation, she stopped and fled to the trunk of her car to find "anything to get him off me." Ms. Burkhart contended that the defendant then grabbed her, punched her, and choked her. She stated that when

the defendant threatened to kill her, she struck him once or twice with a gas can she had found in the trunk. Ms. Burkhart testified that when the struggle ended, she threatened to call the police and the defendant again grabbed her. She was able to get away, however, and escaped to a nearby K-Mart, where she called 911. Ms. Burkhart claimed to have bruises on her neck, back, and ribs and "a busted lip."

Amanda Huber, an employee at the K-Mart on Kingston Pike in Knoxville, also testified at the probation revocation hearing. She stated that on the night in question, she saw the defendant grab Ms. Burkhart as she tried to run away from him. She also overheard the defendant threaten to kill Ms. Burkhart as she phoned the police and saw him force her head against a store window. Ms. Huber recalled that the defendant left the store when he realized there was a witness to the incident.

The defendant testified that when Ms. Burkhart arrived at the jail to arrange his release, she had been drinking "tall cans of beer." He claimed that she initiated the altercation by "poking me in the side of my head" and that he responded by pushing her hand away. The defendant contended that Ms. Burkhart then struck him and he merely defended himself. He explained that when she went to the trunk of the car, he believed she was looking for a weapon. The defendant insisted that he merely defended himself when Ms. Burkhart grabbed a gasoline container and tried to douse him with the contents.

The trial court, while acknowledging that the evidence was disputed, accredited the testimony of the eyewitness who had observed the defendant grab Ms. Burkhart and "bang her head against the glass . . . ." The trial court calculated 216 days of jail credit for the defendant as of the date of revocation.

When a probation revocation is challenged, this court has a limited scope of review. If the trial judge finds by a preponderance of the evidence "that the defendant has violated the conditions of probation," his probation may be revoked.

3

Tenn. Code Ann. § 40-35-311(d).  The decision to revoke a suspended sentence rests within the discretion of the trial court.  The Sentencing Commission Comments to § 40-35-310 provide that "[u]pon revocation, the original sentence imposed can be placed into effect."  The determination by the trial court, if conscientiously made, is entitled to an affirmance.  The record must merely demonstrate that there is substantial evidence to support its conclusions.  State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); see also State v. Williamson, 619 S.W.2d 145, 147 (Tenn. 1981).  Upon appeal, the findings of the trial court are entitled to the weight of a jury verdict.  The judgment of revocation will be upheld unless there is no substantial evidence to support those findings.  State v. Wall, 909 S.W.2d 8 (Tenn. Crim. App. 1994); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

As a condition of probation, the defendant was required to comply with the laws of the state of Tennessee.  Here, the state established that the defendant had assaulted Ms. Burkhart.  The testimony of the victim was supported by an independent witness.  As was his prerogative, the trial judge, who saw and heard the witnesses firsthand, accredited the proof offered by the state.  Under those circumstances, it cannot be said that the trial court abused its discretion.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Joseph M. Tipton, Judge


_____
James Curwood Witt, Jr., Judge

4