IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

FILED

February 23, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # E1999-00388-CCA-R3-CD |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Hon. D. Kelly Thomas, Jr., Judge |
| CHRISTOPHER GARZA, | * | (Revocation of Probation) |
| Appellant. | * | |

For Appellant:

Steve McEwen, Attorney
Grayson & Wright
410 West Main Street
Mountain City, TN  37683
(on appeal)

Mack Garner
District Public Defender
Shawn Graham
Assistant District Public Defender
419 High Street
Maryville, TN 37804
(at hearing)

For Appellee:

Paul G. Summers
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue North
Nashville, TN  37243-0493

Edward P. Bailey, Jr.
Assistant District Attorney General
942 E. Lamar Alexander Parkway
Maryville, TN  37804

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The defendant, Christopher Garza, appeals the trial court's revocation of a sentence of probation. The single issue presented for review is whether the trial court abused its discretion in revoking the probation.

We find no error and affirm the judgment of the trial court.

On January 17, 1997, the defendant entered a guilty plea to statutory rape. Tenn. Code Ann. § 39-13-506. The trial court imposed a Range II sentence of three years and required the defendant to serve one hundred fifty days in jail, after which he was placed on supervised probation.

On March 29, 1999, the state issued a warrant containing allegations that the defendant had violated the following probationary rules:

(1)     to work at a lawful occupation and support his dependents, if any, to the best of his ability;

(2)     to pay all required fees to the supervision and criminal injuries fund unless waived by appropriate authority; and

(3)     to pay $761.50 in court costs.

The state specifically asserted that the defendant had been unemployed since January of 1999, had not paid fees since April of 1998, and had not made any payments towards court costs.

Dena McCollough, a probation officer, testified that the defendant had been terminated from his employment due to poor work habits and had paid nothing on his fees since March of 1998. She acknowledged at the hearing in July of 1999 that since the filing of the warrant, the defendant had paid $50.00 in court costs over a period of almost four months. Ms. McCollough stated that over a period of sixteen or seventeen months, the defendant had held 15 or 16 different jobs.

The defendant claimed that he had been employed with Collier Foods, which had several different businesses in Sevier County, and instead of changing

jobs, he had merely worked at several of their various locations during the term of his employment. While conceding that there had been a three-month period when he was unemployed, he explained that he had no transportation available in those months. The defendant stated that since the filing of the probation violation warrant, he had received a job with Dairy Mart and was being trained to become an assistant manager. He claimed that he had received his GED since being on probation and was planning to further his education at Pellissippi State where he would attend classes during the day because of his night shift at work.

On the date of the revocation, he submitted that he had $15.00 available to pay towards an arrearage of $1,431.50 in fees. The defendant complained that he needed all the money he could spare in order to pay an automobile loan, his rent, and the care for his grandmother, who resided with him. The defendant argues that other than his delinquency in paying his probation fees and court costs, he has been a "model probationer," having passed all random drug screens and also having reported as directed to his probation officer.

The trial court concluded that the defendant had violated his probation by failing to pay at least part of the fees and court costs, despite the ability to do so. The trial court also determined that the defendant had failed to maintain steady employment and had been untruthful with his probation officer. At the conclusion of the hearing, the trial court imposed a sentence of 16 days in jail before reinstatement to probation. The order allowed the defendant to serve two days per week over a period of eight consecutive weeks. The defendant was also ordered to pay $100.00 per month for court costs and $100.00 in fee arrearages.

The defendant insists that the proof did not establish that his failure to pay probationary fees and court costs was willful. He argues that the trial court failed to affirmatively find that the "alternatives to imprisonment were inadequate to meet the state's interest . . . ."

3

When a probation revocation is challenged, this court has a limited scope of review. If the trial judge finds by a preponderance of the evidence "that the defendant has violated the conditions of probation," probation may be revoked. Tenn. Code Ann. § 40-35-311(d). The decision to revoke a suspended sentence rests within the discretion of the trial court. The Sentencing Commission Comments to § 40-35-310 provide that "[u]pon revocation, the original sentence imposed can be placed into effect." The determination by the trial court, if conscientiously made, is entitled to an affirmance. The record must merely demonstrate that there is substantial evidence to support its conclusions. State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); see also State v. Williamson, 619 S.W.2d 145, 147 (Tenn. 1981). Upon appeal, the findings of the trial court are entitled to the weight of a jury verdict. The judgment of revocation will be upheld unless there is no substantial evidence to support those findings. State v. Wall, 909 S.W.2d 8 (Tenn. Crim. App. 1994); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

In our view, the trial court did not abuse its discretion. While the defendant made a compelling case that he had taken positive steps toward a successful rehabilitation, there were periods during which he was unemployed and times when he had earnings yet failed to pay even minimal amounts toward court costs and fees. The proof established his ability to work. He was able to purchase a car during his period of probation. Moreover, the trial court fashioned a relatively short jail term to be served in a manner allowing the defendant to continue his employment and his education. Under these circumstances, this court cannot find an abuse of discretion.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____

4

Joseph M. Tipton, Judge

_____
James Curwood Witt, Jr., Judge