IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## STATE OF TENNESSEE v. LATOSHA S. MARTIN, ALIAS LATOSHA S. JOHNSON

**Direct Appeal from the Criminal Court for Knox County**
**No. 69879    Mary Beth Leibowitz, Judge**

---

**No. E2003-02663-CCA-R3-CD - July 1, 2004**

---

The appellant appeals from an order revoking her probation. After review, we conclude that the violations of probation conditions were supported by a preponderance of the evidence and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Latosha S. Martin, Alias, Latosha S. Johnson.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leslie Nassios, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellant, Latosha S. Martin, alias Latosha S. Johnson, appeals from a judgment revoking her probation. On September 10, 2003, a violation of probation warrant was issued by the trial court. The warrant alleged that the appellant had violated her probation by: (1) missing a curfew check on August 20, 2003; (2) missing a Community Alternatives to Prison Program (CAPP) class on September 8, 2003; and, (3) telling the probation officer she would not submit to drug screens at her house. After a hearing, the trial court revoked the appellant's probation.

On August 15, 2003, the appellant pled guilty to two merged offenses of possession of cocaine of less than one-half gram. The appellant was sentenced as a Range I, standard offender to three years, to be served on enhanced probation, and fined $2000.

A trial judge has the authority to revoke probation upon a finding of a violation of the conditions of probation. Tenn. Code Ann. § 40-35-310. The existence of a violation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e). The revocation of probation rests in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

When reviewed, the findings of the trial judge have the weight of a jury verdict. State v. Wall, 909 S.W.2d 8, 9 (Tenn. Crim. App. 1994). For this Court to find an abuse of discretion in a probation revocation case, an appellant must demonstrate "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

The only witness at the revocation hearing was Tammy Cox, an Enhanced Probation Officer with the Board of Probation and Parole. Ms. Cox stated that the appellant missed her second scheduled CAPP day treatment. Ms. Cox performed a curfew check at the appellant's home on August 20th, and the appellant was not home. The appellant called Ms. Cox some three hours later in response to Cox's note left at the appellant's home. The appellant, on another occasion, informed Ms. Cox that she would not submit to drug screens at her home.

On cross-examination, Ms. Cox admitted that the appellant had not refused the home visits and had submitted to drug screens at the probation office. All drugs screens were negative for drugs. Ms. Cox stated that the appellant had said she slept through the one missed CAPP treatment meeting. Ms. Cox also agreed that the appellant had not been charged with any new criminal offenses.

The trial judge observed in her findings that the violations were not "as serious offenses in terms of violations of probation as ordinary" but emphasized that due to the appellant's long criminal history, she had been a marginal candidate for probation when it was granted. The trial judge stated: "I think she's demonstrated in one short fell swoop that she wants to do what she wants to do, and isn't going to be able to complete this and isn't going to be able to stay out of trouble." The probation was revoked, and the appellant was ordered to serve her sentence.

The appellant, in her appeal, does not deny the alleged violations as enumerated by the probation officer. Instead, the appellant essentially argues for a second chance by emphasizing the relatively slight nature of her violations. Unfortunately for the appellant, we cannot disturb the trial court's decision to revoke probation when the record is clear that violations of the probation occurred. The judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE