IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION

FILED

September 4, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9610-CC-00382 |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Hon. D. Kelly Thomas, Jr., Judge |
| STEVEN L. RAUHUFF, | * | (Probation Revocation) |
| Appellant. | * | |

For Appellant:

Mack Garner
District Public Defender
419 High Street
Maryville, TN  37801

For Appellee:

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Philip Morton
Assistant District Attorney General
363 Court Street
Maryville, TN  37804

OPINION FILED:_____

AFFIRMED--RULE 20 ORDER

PER CURIAM

The defendant, Steve Rauhuff, appeals as of right the judgment of the Blount County Circuit Court revoking his probation. Declared a habitual motor vehicle offender, the defendant was convicted of violations of the order in 1992 and 1993 and served a portion of both sentences in custody. In 1994, the defendant was again convicted of violating the order and sentenced to full probation[1]. He filed this appeal. While released on probation in this case, the defendant was charged with a fourth violation of the habitual motor vehicle offender order and with resisting arrest. Thereafter, the trial court revoked probation.

When a probation revocation is challenged, the appellate courts have a limited scope of review. If the trial judge finds by a preponderance of the evidence "that the defendant has violated the conditions of his probation," probation may be revoked. Tenn. Code Ann. § 40-35-311(d). This decision to revoke a suspended sentence rests in the sound discretion of the trial court. The Sentencing Commission Comments to Section 40-35-310 provide that "[u]pon revocation, the original sentence imposed can be placed into effect." The determination by the trial court, if conscientiously made, is entitled to an affirmance; the record must merely demonstrate that there is substantial evidence to support its conclusions. State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); see also State v. Williamson, 619 S.W.2d 145, 147 (Tenn. Crim. App. 1981). On appeal, the findings of the trial court are entitled to the weight of a jury verdict, and the appellant has the burden to demonstrate that the record contains no substantial evidence to support the

---

[1]The record indicates that the defendant was given full probation because his sentence was consecutive to a second, unrelated sentence served in custody.

finding of the trial court that a violation of the conditions of probation has occurred. <u>State v. Wall</u>, 909 S.W.2d 8,9-10 (Tenn. Crim. App. 1994); <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991). Upon a violation of the terms of probation, "the trial judge shall have the right by order duly entered upon the minutes of [the] court, to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310 ...." Tenn. Code Ann. § 40-35-311(d).

In our view, the trial court did not abuse its discretion when it revoked the appellant's probation and ordered his incarceration. The record supports the trial court's findings that the defendant had not complied with the terms of his probation by (1) failing to pay fees when employed; (2) failing to pay court costs when employed; (3) failing to attend required AA meetings; and (4) failing to perform his required community service. The trial court did not consider the defendant's pending charges as a basis for the revocation.

Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

PER CURIAM