IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2013

## STATE OF TENNESSEE v. JEREMY BO EAKER

**Appeal from the Circuit Court for Sequatchie County**
**No. 4673 & 4694    Thomas W. Graham, Judge**

---

**No. M2013-01639-CCA-R3-CD- Filed February 11, 2014**

---

In September of 2006 in exchange for an eight-year sentence, Appellant, Jeremy Bo Eaker, pled guilty to possession of over .5 grams of cocaine with the intent to sell. Appellant was released to probation with credit for time served. Subsequently, Appellant was arrested for possession of cocaine and hallucinogenic mushrooms. A violation of probation warrant was filed. Appellant pled guilty to possession of over .5 grams of cocaine and received a sentence of nine years, to be served concurrently to the eight-year sentence for which he was already on probation. Appellant's probation was revoked, and Appellant was ordered to serve twelve months in incarceration with the trial court reserving the right to suspend the balance of the sentence upon Appellant's entry into a drug treatment program. Following Appellant's release from incarceration and reinstatement to probation, numerous probation violation warrants were filed against Appellant on the basis of among other things new criminal charges and positive drug screens. As a result of these various probation violations, Appellant's probation was partially revoked, he was ordered to enter into and complete a drug treatment program, and he was ordered to community corrections. This appeal arises following a violation of probation warrant filed in response to Appellant's January 17, 2013 arrest for possession of methamphetamine and failure to report the arrest to his probation officer. After a hearing, the trial court revoked Appellant's probation and ordered him to serve the remainder of his effective nine-year sentence in incarceration. Appellant appeals, challenging the trial court's decision to revoke probation. After a review of the record, we determine the trial court did not abuse its discretion. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE MCMULLEN, JJ., joined.

B. Jeffery Harmon, District Public Defender and Vanessa King, Assistant Public Defender, for the appellant, Jeremy Bo Eaker.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; J. Michael Taylor, District Attorney General, and David Shinn, Assistant District Attorney, for the appellant, State of Tennessee.

## OPINION

### *Factual Background*

In September of 2006, Appellant was indicted by the Sequatchie County Grand Jury for possession of more than .5 grams of cocaine with the intent to sell or deliver. On September 29, 2006, Appellant pled guilty to the offense as charged in exchange for an eight-year sentence. The trial court gave Appellant credit for three months and twenty-two days spent in incarceration prior to the guilty plea and ordered the balance of the sentence, seven years, eight months, and eight days, to be served on probation.

On December 8, 2006, Appellant was arrested and charged with possession of cocaine and hallucinogenic mushrooms. On December 15, 2006, the trial court issued a probation violation warrant against Appellant, alleging several violations, including: (1) Appellant's arrest on new charges; (2) failure to report the new arrest; (3) failure to report to his probation officer; (4) failure to pay fines, fees, and costs; (5) failure to complete community service; (6) failure to provide a DNA sample.

On April 23, 2007, Appellant entered a guilty plea to possession of over .5 grams of cocaine. As a result, he was sentenced to nine years in incarceration, to be served concurrently to the eight-year sentence he received for possession of cocaine in 2006. The trial court also revoked Appellant's probation, ordering him to serve twelve months in incarceration but reserving the right to suspend the balance of the sentence upon entry into a drug treatment program.

Appellant entered a drug treatment program. However, on October 16, 2007, Appellant was discharged from CADAS, a drug treatment program in Chattanooga, as a result of a positive drug screen for marijuana. On January 1, 2008, Appellant again tested positive for marijuana and cocaine.

On March 26, 2008, the trial court issued a probation violation warrant, alleging Appellant had again violated probation by: (1) testing positive for marijuana and cocaine on

January 17, 2008; (2) being discharged from a drug treatment program after a positive drug screen; (3) failing to complete community service; (4) failing to pay fines and costs; (5) failing to provide DNA. The trial court continued the hearing on this probation violation warrant on May 30, 2008, ordering Appellant to enter into and complete a drug treatment program as a condition of his probation.

On July 31, 2008, the trial court issued another probation violation warrant after Appellant was arrested on July 19, 2008, for domestic assault. On August 25, 2008, the trial court entered an order partially revoking Appellant's probation. The trial court ordered Appellant to serve twenty days in the county jail, "continue drug treatment," and serve the remainder of his sentence on community corrections.

On September 8, 2008, the trial court issued a warrant for violation of community corrections after Appellant was charged with aggravated assault in Hamilton County, failed to report to his probation officer, and broke "house arrest."

On February 8, 2010, the trial court partially revoked Appellant's probation, ordering that he serve 123 days of his sentence in the county jail and the remainder on community corrections.

On August 10, 2011, the trial court issued another warrant for violation of community corrections because Appellant: (1) tested positive for methamphetamine and amphetamine; and (2) was discharged from drug treatment for non-compliance.[1] On April 23, 2012, the trial court issued a revocation order that partially revoked Appellant's probation on the basis of new criminal conduct. The trial court specifically required Appellant to serve six months of his sentence in incarceration, "consecutive to Hamilton Co sentence," and the balance of the remaining sentence on probation.

Appellant was arrested on June 18, 2012, for reckless driving in Sequatchie County. On June 26, 2012, the trial court issued a violation of probation warrant, alleging Appellant: (1) committed new criminal conduct; (2) failed to maintain employment; (3) failed to report to his probation officer; (4) failed to submit to a drug screen; (5) behaved in a manner that posed a threat to himself or others by driving in a reckless manner; and (6) failed to pay fines, costs, and fees. The trial court partially revoked Appellant's probation on July 12, 2012, requiring him to serve nine days in incarceration and the remainder of the sentence on

---

[1]This warrant was not executed until April 20, 2012.

probation. The order also specified that the "$2,000[2] held by the Sequatchie Co. Sheriff's Dept will be paid into the Seq. Co. Circuit Clerk's Officer to be applied to [Appellant's] fines + costs in these matters."

On August 21, 2012, the trial court issued another violation of probation warrant after Appellant refused to take a drug screen after he was given two hours to produce a sample. On December 17, 2012, the trial court partially revoked Appellant's probation, requiring him to serve twenty-four days in incarceration and the balance of his sentence on probation.

On January 18, 2013, the trial court issued the violation of probation warrant on which this appeal is based. It was filed against Appellant after his arrest on January 17, 2013, for felony possession of methamphetamine and his failure to report the arrest to his probation officer.

The trial court held a hearing on the violation. At the hearing, the trial court heard the testimony of Deputy Michael Thompson of the Hamilton County Sheriff's Department.

Deputy Thompson initiated a traffic stop on January 17, 2013, after he observed a vehicle with no tags. Appellant was the driver of the vehicle. During the stop, Deputy Thompson witnessed Appellant run his hand down the side of his leg toward the center console. Sensing a safety concern, Deputy Thompson asked Appellant to exit the vehicle. Upon exiting the vehicle, Appellant clenched his left hand. When the deputy forced Appellant's hand open he found a small bag containing about one gram of a substance the deputy described to be consistent with methamphetamine.[3] Appellant was placed under arrest. Appellant was also charged with possession of drug paraphernalia after the officer found a small, orange tube wrapped in black electrical tape in the center console of the vehicle. Deputy Thompson explained that this was typical of a device used to conceal narcotics. Appellant claimed that he was test driving the car.

Appellant's probation officer, Roger Dodson, also testified at the hearing. According to Mr. Dodson, Appellant's most recent probation violation resulted after Appellant failed to report his new criminal conduct. Additionally, Appellant failed to report to his probation officer in February of 2013 but may have missed this report date because he was incarcerated. Appellant reported in March but did not inform Mr. Dodson of his new arrest. Mr. Dodson noted that Appellant reported as scheduled throughout the 2012 calendar year.

---

[2]When Appellant was arrested for reckless driving he was discovered to have $2,000 in cash on his person.

[3]The substance was sent to the Tennessee Bureau of Investigation lab for testing but, at the time of the hearing, the results had not been received.

Additionally, Mr. Dodson noted that Appellant had been paying his fines but had failed to provide verification of community service hours.

Appellant testified at the hearing. He claimed that the passenger in the car, James Estill, "threw" the substance at him in the driver's seat. Appellant claimed that he was in "shock" when Mr. Estill threw the bag at him so he tried to hide it from the officer. Appellant claimed that he was merely test driving the car. Additionally, Appellant denied that he knew the orange tube was in the vehicle or that the officer had to pry the drugs out of his hand. Appellant also claimed that he reported the arrest to his probation officer.

Appellant stated that he was on a waiting list for several different drug rehabilitation facilities and was now employed full-time as a cleaner of rental properties. Appellant admitted his problems with addiction but insisted that he had not used drugs in three months. Appellant admitted on cross-examination that he had violated his probation seven times since first being placed on probation in 2006.

At the conclusion of the hearing, the trial court determined that Appellant violated the rules of his probation. Specifically, the trial court noted Appellant's seven probation violations, repeated drug use, and continued failure to report his arrests to his probation officer. As a result, the trial court revoked Appellant's probation and ordered him to serve his original nine-year sentence in incarceration.

Appellant appeals.

*Analysis*

On appeal, Appellant insists that the trial court abused its discretion in revoking probation. Appellant does not contest that he was arrested or charged with felony possession of methamphetamine. Instead, Appellant argues that the State did not prove that the substance seized by the officer was a controlled substance. Moreover, Appellant challenges the assertion that he did not report his arrest because the probation violation warrant was filed on the same day that he was released from jail. Finally, Appellant argues that the trial court failed to reflect on any of the sentencing principles required by statute. The State disagrees.

The trial court stated the following at the conclusion of the probation revocation hearing:

This would be the seventh, and I don't know of any time that I've ever not revoked somebody that had more than two or three revocations matters and this one is so bad.

. . . .

That [the fact that the State merely proved Appellant was in possession of white powder consistent with being drugs] may be true, but he didn't report it, and you know, to his probation officer, and he's admitted that he's had - - he's had drugs in his system at least as recently as 90 days ago. He said he'd been clean for about three months. All that's an admission of being in violation of the terms of his probation.

. . . .

I think the odds are very strong that it's meth, he knew what it was, and the fact that - - it was part of the not being truthful about everything that is supposedly somebody else is the cause of all this, and he never accused 'em of that at the time that he should have.

. . . .

[W]ho am I going to believe? A seven time violator of probation with two sentences or an officer, . . . .

I don't know if there's a way that we can - - I [am] going to - - I [am] going to revoke his probation. If by chance this test were to come back I need some kind of condition in the order that would allow me to reconsider what we've done here.

. . . .

This testimony is so bad and so many other things he said don't ring true. He's not being truthful with anybody right now, so you know the only solution is revocation with the possible chance if he's still here and that report comes back negative then you know, I'll consider doing something different. I still think he's in violation of probation, but I might not revoke him for the whole sentence, we might amend it to a, you know, a split confinement situation at that time. And that's the only that's the best hope he can have. It's terrible, I don't like this a bit, but it is what it is.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. § § 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999).

The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

In order to establish a violation of a suspended sentence based on the commission of a new offense, the State must offer proof by a preponderance of the evidence showing that a defendant violated the law. *See State v. Catherin Vaughn*, No. M2009-01166-CCA-R3-CD, 2010 WL 2432008, at *3 (Tenn. Crim. App., at Nashville, June 14, 2010) (noting that proof of a conviction is not necessary). In addition, the State "must present sufficient facts at the revocation hearing to enable the trial court to 'make a conscientious and intelligent judgment as to whether the conduct in question violated the law.'" *State v. Jason L. Holley*, No. M2003-01429-CCA-R3-CD, 2005 WL 2874659, at *4 (Tenn. Crim. App., at Nashville, Oct. 25, 2005) (quoting *Harkins*, 811 S.W.2d at 83 n.3).

Deputy Thompson's testimony was straight-forward: upon executing a traffic stop, he found Appellant in possession of drug paraphernalia and a white powder, which he stated, based upon his experience as a law enforcement officer and as a drug task force agent, appeared to be methamphetamine. Additionally, Appellant failed to report to his probation officer in February and, when he reported in March, failed to report the arrest. Appellant also admitted that he had used drugs three months prior to his arrest and had previously violated the terms of his probation. In a probation revocation hearing, the credibility of a witness is a determination of the trial court. *See State v. Wall*, 909 S.W.2d 8, 10 (Tenn.

Crim. App. 1994). This Court has previously concluded that a police officer's testimony about the facts surrounding the arrest used as the basis for the violation "constituted substantial evidence" and was "sufficient to support the trial court's [revocation of a suspended sentence]." *State v. Chris Allen Dodson*, No. M2005-01776-CCA-R3-CD, 2006 WL 1097497, at *3 (Tenn. Crim. App., at Nashville, Mar. 31, 2006). The officer's testimony alone supports the trial court's decision to revoke Appellant's probation for his failure to comply with the laws of this State and his conditions of probation.

Under these circumstances, the record contains substantial evidence to support the trial court's finding that Appellant violated the terms of his probation. Based upon our review of the record, we cannot conclude that the trial court abused its discretion in electing to revoke Appellant's probation and order the sentence served in confinement. *See State v. Phillip Thomas Wilcox*, No. M2002-00667-CCA-R3-CD, 2003 WL 21047133, at *2 (Tenn. Crim. App., Nashville, May 9, 2003) (holding that "[t]here need be only one violation of the conditions of . . . probation to support revocation").

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE