FILED
11/13/2017
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 11, 2017

**STATE OF TENNESSEE v. ERIC DEWAYNE FINLEY**

**Appeal from the Criminal Court for Hamilton County**
**No. 296149, 299584            Barry A. Steelman, Judge**

_____

**No. E2017-00482-CCA-R3-CD**

_____

The Defendant, Eric Dewayne Finley, appeals the Hamilton County Criminal Court's revocation of his probation. On appeal, the Defendant argues that the trial court abused its discretion by reinstating a sentence of full confinement. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Raymond T. Faller, District Public Defender, Jay Underwood, Assistant Public Defender, Chattanooga, Tennessee, for the appellant, Eric Dewayne Finley.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Ann Thompson, Senior Counsel; Neal Pinkston, District Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 26, 2015, the Defendant pled guilty to aggravated burglary in Case No. 296149. He received a four-year sentence to be served on supervised probation to run consecutively to an unrelated case. On July 13, 2016, a warrant was filed alleging that the Defendant had been arrested and charged with aggravated domestic assault and vandalism and that the Defendant had failed to pay his probation fees or restitution payments. On July 22, 2016, the trial court ordered a partial revocation of the Defendant's probation.

On July 1, 2016, an arrest warrant was issued by the Hamilton County General Sessions Court charging the Defendant with coercion of a witness in Case No. 1634924. The warrant alleged that, while the Defendant was incarcerated for the aggravated domestic assault and vandalism charges, he contacted the victim and advised her on multiple occasions not to come to court. On July 22, 2016, the Defendant pled guilty to the lesser charge of solicitation of a witness, and the aggravated domestic assault and vandalism charges were dismissed.[1] The record is unclear as to the disposition of the revocation petition, although it appears that the Defendant agreed to a sentence of eleven months and twenty-nine days, suspended to supervised probation, as well as a no-contact order regarding the victim.

On July 28, 2016, a petition was filed to revoke the Defendant's probation in Case No. 1634924 for violating a no-contact order. On August 5, 2016, another petition was filed to revoke the Defendant's probation because the Defendant had been using methamphetamine. Additionally, on August 9, 2016, a third petition to revoke the Defendant's probation was filed for another violation of the no-contact order. There is no documentation in the record of a revocation hearing on these petitions, although it appears that the General Sessions court sustained the violations and ordered the Defendant to serve his previously suspended sentence of eleven months and twenty-nine days.

On August 23, 2016, the Defendant appealed the Hamilton County General Session Court's revocation of his probation to the Hamilton County Criminal Court, which became Case No. 299584. On September 12, 2016, after a hearing, the trial court granted the appeal and restored the Defendant's probation conditioned on another no-contact order with the victim and GPS monitoring.[2]

On October 6, 2016, a probation violation report was filed indicating that the Defendant had failed to report, failed to maintain his GPS monitoring, and owed court costs and supervision fees. The trial court ordered a capias issued for the Defendant's arrest on October 21, 2016.

On December 8, 2016, a probation violation report was filed in Case No. 296149 alleging that the Defendant was discharged from inpatient treatment for "assaultive behavior towards another patient." The report also alleged that the Defendant failed to return to treatment, admitted to using methamphetamine, and had not paid any restitution as ordered by the trial court. The trial court ordered a capias issued for the Defendant's

---

[1] Although the judgment form reflecting the Defendant's guilty plea to coercion is included in the record, the majority of the document is illegible. Additionally, no guilty plea hearing transcript was included in the record provided on appeal.

[2] A transcript of this hearing is not provided in the record.

arrest on December 15, 2016, and the Defendant was arrested on January 3, 2017, for his violations in both cases.

At the February 27, 2017 revocation hearing, the State addressed the trial court regarding the Defendant's probation history and noted that the violations at issue were both in Case No. 296149, regarding the Defendant's behavior in treatment, drug use, and failure to pay restitution, and in Case No. 299584, regarding the Defendant's failure to report and maintain his GPS monitoring. The State also informed the court that they gave verbal notice to defense counsel regarding an additional violation of the no-contact order, although no written report had been filed yet.

James Rox testified that he had been a probation officer for the Tennessee Department of Correction for twenty-six years. Rox confirmed that he was assigned to supervise the Defendant and that he filed a violation of probation report on December 8, 2016. Rox testified that the Defendant was ordered into inpatient treatment in October 2016 after he admitted to using methamphetamine. The Defendant entered treatment on November 4, 2016, and, ten days later, was discharged for "assaultive behavior toward another patient." Although the Defendant was advised that he could return to the program, the Defendant never returned or reported to Rox again. Rox also testified that the Defendant had not made any of his required monthly restitution payments.

Donna Killian testified that she was a court liaison for the Hamilton County probation office. Killian confirmed that the Defendant was placed on a GPS monitor on September 12, 2016. Killian testified that, on October 4, 2016, the Defendant failed to show up for his scheduled report to the probation office and failed to make a required payment for his GPS device. Killian also confirmed that, a few days later, the Defendant's GPS unit received a "critical battery alert" and that the probation office was not able to contact the Defendant after that.

Investigator Annette Sowery with the Chattanooga Police Department testified that she was assigned to the Special Victims Unit and was familiar with the Defendant's case and his no-contact order with Deborah Lowery, the victim of the Defendant's dismissed aggravated domestic assault charge. Investigator Sowery said that she received copies of and listened to the Defendant's phone calls in custody and that the Defendant had called Lowery sixty-six times since he was arrested in January 2017. Investigator Sowery testified that some of the conversations included discussions about drug use by Lowery and the Defendant. On cross-examination, Investigator Sowery acknowledged that Lowery had previously asked the General Sessions court to remove the no-contact order. Investigator Sowery also confirmed that Lowery had been arrested and charged with contempt for seeing the Defendant after a no-contact order was entered against her.

The trial court questioned Investigator Sowery further about her investigation of the aggravated domestic assault charge. Investigator Sowery said that she was initially called to Lowery's apartment because Lowery had failed to show up for work. Investigator Sowery found Lowery in the bathroom with severe bruises and marks, which Lowery reported were caused by her drug use and an assault by the Defendant. Investigator Sowery testified that Lowery had a swollen jaw, welt marks around her neck from a cord, multiple bruises on her arms and back, and a gash to her shin that Lowery said was caused by a two-by-four. Investigator Sowery said that the apartment was covered in broken glass and was visibly in disarray. Defense counsel did not object to or ask follow-up questions in response to the court's line of questioning.

At the conclusion of the hearing, the trial court ordered the Defendant's probation fully revoked and his sentences into execution in both Case No. 296149 and Case No. 299584. This timely appeal followed.

## ANALYSIS

On appeal, the Defendant argues that the trial court erred by relying on hearsay regarding the Defendant's dismissed aggravated domestic assault charge and regarding the Defendant's assaultive behavior at inpatient treatment. Additionally, the Defendant contends that the trial court improperly relied on the Defendant's violation of the no-contact order because "Ms. Lowery wanted to have contact with the Defendant." Finally, the Defendant argues that any remaining bases for his probation violation were minor. The State responds that the trial court properly revoked the Defendant's probation. We agree with the State.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." T.C.A. § 40-35-311(e)(2012). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id. (citing Harkins, 811 S.W.2d at 8). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see State v. Larry

Lee Robertson, No. M2012-02128-CCA-R3-CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar. 19, 2013); see State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); see also T.C.A. §§ 40-35-308, -310, -311 (2012).

The Tennessee Supreme Court has noted that "the full panoply of rights due a defendant in criminal prosecutions" do not apply to probation revocations. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993) (internal quotation marks omitted). Specifically, "[t]he strict rules of evidence do not apply in a probation revocation hearing." State v. Justin E. Stinnett, No. E2012-02289-CCA-R3-CD, 2013 WL 3148724 at *3 (Tenn. Crim. App. June 19, 2013) (citing Barker v. State, 483 S.W.2d 586, 589 (Tenn. Crim. App. 1972)). However, the confrontation rights of a defendant, though relaxed at a probation revocation hearing, preclude the admission of hearsay evidence unless: (1) the trial court makes a finding that there is "good cause" to justify the denial of the defendant's right to confront and cross-examine adverse witnesses, and (2) there is a showing that information contained in the evidence is reliable. Wade, 863 S.W.2d at 409.

The Defendant's appeal of the trial court's revocation of his probation rests squarely upon the admission of alleged improper hearsay from Investigator Sowery and Probation Officer James Rox, all of which was elicited by the trial court. However, the Defendant never objected to the court's questions and declined to ask any follow-up questions in response. Accordingly, we conclude that the Defendant has waived any argument regarding the admission of any alleged improper hearsay. State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994)(concluding that the defendant's challenge to the trial court's reliance on a probation violation report in revoking his probation was waived for failure to object to its admission). Moreover, even without the alleged improper hearsay, there was more than ample evidence supporting the trial court's revocation of the Defendant's sentences including failure to pay restitution, failure to report to probation, failure to comply with the conditions of his GPS monitoring, failure to pay court costs and supervision fees, and illegal use of methamphetamine. The trial court properly revoked the Defendant's sentences, and he is not entitled to relief.

## CONCLUSION

For the reasons stated above, the judgments of the trial court are affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE

- 5 -