IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2009

## STATE OF TENNESSEE v. ROBERT HURD

**Direct Appeal from the Circuit Court for Madison County**
**Nos. 88-149, 88-151     Donald H. Allen, Judge**

---

**No. W2009-00005-CCA-R3-CD   -   Filed August 18, 2009**

---

In 1988, the defendant pled guilty to two counts of third degree burglary and was sentenced to concurrent sentences of five years, to be served on intensive probation. In 1989, he was transferred to regular probation. In 1990, probation violation warrants were filed, alleging that he had violated his probation by failing to report to his probation officer and that he had absconded. Following a hearing, the trial court revoked the defendant's probation and ordered him to serve his five-year sentence in the Department of Correction. We affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, for the appellant, Robert Hurd.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

At the November 20, 2008 revocation hearing, Bruce Ingram, the defendant's former probation officer, testified that he had been employed by the Tennessee Board of Probation and Parole for twenty-three years. He said that the defendant was placed on intensive probation on April 5, 1988, and on regular probation on September 30, 1989, when Ingram was assigned to supervise him. He said that the defendant had been sentenced to five years for two third degree burglary convictions and was to report to Ingram once a month. The defendant reported as required "for about three months . . . [and] [a]fter that time, he did not report as scheduled." The last time the defendant reported to Ingram was January 22, 1990. Ingram visited the defendant at his place of employment and at a convenience store parking lot, reminding him that he was to report as

scheduled. On August 9, 1990, a probation violation warrant was issued because of the defendant's continuing failure to report. Ingram had no contact with the defendant after the warrant was issued. Ingram said that he filed another probation violation report on October 12, 1990 as a result of the defendant's absconding. On cross-examination, Ingram said that he visited the defendant at his place of employment on May 9, 1990, and that the defendant came to his office unannounced the next day, while Ingram was not present, and "completed three or four months of report forms."

The forty-year-old defendant testified that he was "about" twenty years old in 1988 and explained why he stopped reporting to Ingram: "I was staying with my stepdad and they had moved so I didn't have nowhere [sic] to stay. I wasn't getting along with my family and stuff so I was moving around a whole lot." He said that he did not recall speaking with Ingram at a convenience store parking lot or being given a date to go to court. The defendant said that he had lived in Madison County since 1990 and had been arrested for driving on a suspended license for which he served seven days in jail in early 2008. The defendant admitted that he had been arrested on September 28, 2008, for another driving charge and that he was currently serving a four-month sentence for that charge. He last had been employed about two and one half years earlier when he worked as a janitor. The defendant testified on cross-examination that he was unaware of the probation violation warrant until he was served with it while in jail.

The trial court concluded that the defendant had violated his probation:

I guess what's a little unusual about this case is that perhaps, and I don't know for sure I'm just trying to look through the court file, that [another judge] may have actually had a hearing back on November the 8th of 1990 and revoked his probation as an absconder. I know years ago some of the judges would do that. If a person had not reported in eight or nine months, they just went ahead and had a hearing and had him declared an absconder so that when he got picked up he just got sent to TDOC immediately. I'm kind of guessing that's probably what happened because the original warrant does indicate "Probation revoked. Absconder." However[,] it does appear from what has been testified here today that [the defendant] never got picked up on this warrant. For whatever reason the sheriff's department never served this warrant on him even though he apparently got arrested several times during the 2000's on some other traffic things that are part of the specific data report.

Clearly it does appear to this Court and the Court finds that [the defendant] has in fact violated his probation of five years by not reporting to his probation officer. There's no question about that. I mean, he went on probation April the 5th of 1988 for five years. His probation would not have expired until April the 5th of 1993. This warrant was issued three years prior to when his probation would have expired. So it does appear to the Court that [the defendant] has violated in both of these cases by failing to report. The Court finds that it would be appropriate to revoke his probation and order that he serve this five year sentence in the Tennessee Department of Corrections. I kind of perhaps thought that [the defendant] had already been picked up and sent to TDOC sometime before on this case, but

apparently that's not happened. He never has been to TDOC on this case so at this point he is remanded to the Tennessee Department of Corrections to serve this five year sentence.

## ANALYSIS

On appeal, the State argues that the defendant's notice of appeal was untimely. We note that, while the revocation hearing was held on November 20, 2008, the order of revocation was not filed until December 5, 2008. The notice of appeal was filed on December 30, 2008. Since this court previously has held that "the effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge," we conclude that the notice of appeal was timely. State v. Stephens, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007).

On appeal, the defendant argues that the trial court erred in revoking his probation. As we will explain, we respectfully disagree.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2006). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

During the revocation process, from the defendant's arrest to the hearing, he did not make the claim that his right to a speedy trial had been violated by the lapse between the issuance of the violation warrants and his arrest pursuant to them. See State v. Bishop, 493 S.W.2d 81, 83-84 (Tenn. 1973) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). Accordingly, the trial court made no findings in this regard, and we may not consider such an argument for the first time on appeal. See Tenn. R. App. P. 36(a).

The trial court found, and we concur, that the defendant ceased reporting to his probation officer as ordered. Clearly, this violated one of the conditions of his probation, and we conclude that the record supports the trial court's revocation of his probation.

## CONCLUSION

-3-

Based upon the foregoing authorities and reasoning, we affirm the order of the trial court revoking the defendant's probation.

_____
ALAN E. GLENN, JUDGE