IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 24, 2010

## STATE OF TENNESSEE v. DANIEL D. HARBAUGH

**Direct Appeal from the Circuit Court for Sullivan County**
**No. 51323     R. Jerry Beck, Judge**

**No. E2010-00208-CCA-R3-CD - Filed September 20, 2010**

The defendant, Daniel D. Harbaugh, pled guilty in 2006 to violating the sex offender registry law and was sentenced as a career offender to six years. The sentence was suspended and the defendant was placed on probation for six years. In 2007, after the defendant apparently had absconded, a violation of probation warrant was filed alleging that he had failed to adhere to the terms of his probation in that he did not report as ordered on August 1 and 15, 2006, and did not notify his probation officer that he had changed addresses. At the hearing on the probation violation, the defendant admitted that he had violated his probation, as alleged, and he then was ordered to serve his six-year sentence. The probation revocation order was filed on December 16, 2009; and on January 14, 2010, the defendant sent a letter to the trial court styled "Withdrawal of Plea," which was treated as a *pro se* pleading, stating that the defendant wished to appeal the court's decision of December 16, 2009, and that he was "withdrawing [his] plea of guilty and entering a plea of not guilty." The trial court conducted a hearing on the motion, finding it to be without merit. The defendant appealed, and, following our review, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); and Terry L. Jordan, Assistant Public Defender (at trial), for the appellant, Daniel D. Harbaugh.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; and H. Greeley Wells, Jr., District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

The record on appeal contains transcripts of both the December 16, 2009, hearing on the violation of probation and the January 19, 2010, hearing on the motion to set aside the defendant's plea of guilty to the probation violation. At the first hearing, the trial court recited to the defendant the allegations against him, with the defendant responding that he wanted to "plead guilty" and admitting that he had violated the terms of his probation, as alleged in the arrest warrant:

> The Defendant . . . has previously been convicted of failure to comply with [the] sex offender registry. He received a six-year sentence. Was granted probation. Had an expiration date of 6-27-2012. Appears to be timely filed.
>
> He is alleged to have violated Rule 6: Report truthfully to the probation officer given instruction to report [sic]. To-wit, it says, "*The Defendant failed to report on August 1st and August 15th, 2006, as instructed to report.*"
>
> Alleges violation of Rule 5: Will inform probation officer of change of residence.
>
> > [Reading] "*The offender reported on July the 24th, 2006, that he was living at 165 West Sevier Street, Kingsport. The Defendant's roommate, Norma[n] Smalley, reported on 8-8-06 that the Defendant moved out and [he] was unsure of the date he moved due to him, M[r]. Smalley, being a truck driver.*
>
> This signed by [the probation officer] on June the 14th, 2007.
>
> The Defendant was not arrested till December the 14th, 2009. There's been [an] outstanding warrant. Looks like he was extradited back from the [S]tate of North Carolina. Well, he waived extradition from North Carolina, here, on November the 17th, 2009. Certificate's in the court file.
>
> How does the Defendant plead at this time?
>
> DEFENDANT HARBAUGH: I'd like to plead guilty. I have eight-and-a-half months in, sir.

THE COURT: Okay. Stand and raise your right hand.

(The Defendant is again sworn.)

THE COURT: All right. Now, Mr. Harbaugh, do you understand you are entitled to a due process hearing –

DEFENDANT HARBAUGH: Yes, sir.

THE COURT: – where the State would be required to prove by a preponderance of the evidence that you had in fact violated the terms and conditions of your probation? You understand you have that right?

DEFENDANT HARBAUGH: Yes, sir.

THE COURT: Are you knowingly and voluntarily giving up that right?

DEFENDANT HARBAUGH: Yes, sir.

THE COURT: Do you stipulate and agree that the facts set out in the affidavit of violation of probation are true and correct?

DEFENDANT HARBAUGH: To what . . . it says, yes.

THE COURT: All right.

DEFENDANT HARBAUGH: Behind it is not.

THE COURT: Well . . .

DEFENDANT HARBAUGH: I mean, I have to go – say, "Yes," Your Honor.

THE COURT: Okay. Now, do you understand this is your first appearance?

DEFENDANT HARBAUGH: Yes, sir.

THE COURT: Your attorney hasn't had an opportunity to look into the allegations.

-3-

DEFENDANT HARBAUGH:  I don't want an attorney, either.

THE COURT:  Well, I've done got you one anyway.  If you want to talk to him you can; if you don't want to, you don't have to.

Now, the big thing I want you to understand is I would never require you to plead guilty on the first day you appear.  I would give you time to prepare, give your attorney an opportunity to look into it.

Do you understand that?

DEFENDANT HARBAUGH:  Yes, sir.

. . . .

THE COURT:  How do you plead, guilty or not guilty?

DEFENDANT HARBAUGH:  I plead guilty.

THE COURT:  Upon your plea of guilty, the Court finds you've violated the terms and conditions of your probation.  You'll be required to serve your six-year sentence as a range . . .

I believe he was a career offender, . . . .

DEFENDANT HARBAUGH:  I was never told that.

THE COURT:  It's on the judgment order.

Does that change your desire to plead guilty?

DEFENDANT HARBAUGH:  No.

THE COURT:  All right.  Career offender's an enhancement.  When you pled guilty the judgment order says you pled as a career offender.

. . . .

THE COURT:  . . . Upon your plea of guilty, the Court finds you are guilty of violation of probation.  Be required to serve your sentence, less any

time served.

Following the probation revocation hearing, the defendant sent to the trial court a *pro se* pleading which requested the following relief:

> I would like to appeal your decision of 12-16-09.
>
> I am withdrawing my plea of guilty and entering a plea of not guilty.
>
> I ask the Court to appoint me counsel in this matter. I'm indigent & this can be verified.
>
> I would like a copy of the Court Proceedings of my case on 6/27/06 & 12-16-09.

On January 19, 2010, the trial court conducted a hearing on the defendant's pleading. The trial court treated the *pro se* pleading as a notice of appeal of the court's December 16, 2009, order revoking the defendant's probation. The court then directed defense counsel to prepare and file an amended notice of appeal, which counsel did.

## **ANALYSIS**

On appeal, the defendant argues, as to his apparently contradictory January 14, 2010, *pro se* pleading, which said that he wanted to appeal the trial court's ruling of December 16, 2009, "it is clear that his intention is to withdraw his plea of guilty to the [probation] violation." Thus, he asks that this matter be remanded to the trial court "to determine whether [he] should be allowed to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f)."

Rule 32(f) sets out the procedures for a defendant to seek to withdraw a plea of guilty:

> (1) Before Sentence Imposed. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.
>
> (2) After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f).

This contrasts with the procedures set out in Rule 32(g), to be applied in probation revocation proceedings:

> (g) Revocation of Probation. The court may revoke probation only after a hearing conducted according to law. The losing party may appeal the judgment resulting from this hearing. The defendant may be released pursuant to applicable law pending such hearing and/or such appeal.

Tenn. R. Crim. P. 32(g).

On appeal, the State responds that the defendant did not "plead guilty" to the probation violation warrant but, rather, simply did not contest the claims of violation. In support of this analysis, the State quotes the ruling of this court in State v. Reginald McCroskey, No. 01C01-9309-CC-00320, 1994 WL 194257, at *2 (Tenn. Crim. App. May 19, 1994), "we note that a probation violation charge does not equate with a formal criminal charge to which a defendant enters a plea relative to guilt." In Reginald McCroskey, the trial court was "told that the defendant would plead 'guilty' to the probation violation and then request that he be given a furlough for treatment at a veteran's hospital." Id. at *1. Apparently, some problem developed because the defendant, in Reginald McCroskey, was appealing the revocation of his probation.

Regardless of whether, by his *pro se* pleading, the defendant was seeking to withdraw his "guilty plea" to the allegations set out in the probation violation warrant, as he now argues, or to appeal the trial court's December 16, 2009, revocation of probation, as his *pro se* pleading seems to suggest, it is apparent that the appeal is without merit.

Tennessee Rule of Criminal Procedure 32(f) explains that a trial court may grant a motion to withdraw a plea of guilty either before the sentence has been imposed or after the sentence was imposed but before the judgment has become final. In this matter, the sentence was imposed on the defendant and the judgment became final in 2006. The defendant has confused his not contesting the allegations of the probation violation warrant with a plea of guilty, which it was not. So, the issue in this appeal is that on December 16, 2009, the defendant did not wish to contest the violation of probation, but by January 14, 2010, he had changed his mind and wished to do so. His change of heart came too late, however, for the law does not offer him a second opportunity. It is clear from the record that the trial court carefully followed the requirements of Tennessee Rule of Criminal Procedure 32(g).

If, on the other hand, this matter is treated as an appeal of the revocation of probation, the defendant, again, is unsuccessful. A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of

the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2006). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

As is clear from the transcript of the revocation hearing, the defendant was appointed counsel and the charge was carefully explained by the trial court. After the defendant said that he wished to dispose of the charge that day, the court advised him that the matter could be reset for him to review the options with his attorney. The trial court proceeded in the matter in accord with Tennessee Rule of Criminal Procedure 32(g), and the record easily supports the trial court's revocation of probation.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE