IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 22, 2012 at Knoxville

**STATE OF TENNESSEE v. TIMOTHY A. LOWE**

**Appeal from the Criminal Court for Sumner County**
**No. 833-2010      Dee David Gay, Judge**

**No. M2012-00302-CCA-R3-CD - Filed September 21, 2012**

The defendant, Timothy A. Lowe, appeals the trial court's revocation of his probation and reinstatement of his original ten-year sentence, arguing that the trial court abused its discretion in placing his entire ten-year sentence into effect. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

Heather Haufler, Hendersonville, Tennessee, for the appellant, Timothy A. Lowe.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Lawrence R. Whitley, District Attorney General; and Tara Wyllie, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On February 17, 2011, the defendant pled guilty in the Sumner County Criminal Court to aggravated assault, a Class C felony, in exchange for a Range II sentence of ten years in the Department of Correction, which was suspended to probation. On September 26, 2011, a revocation warrant was filed alleging that the defendant had violated his probation by pleading guilty to the offense of driving under the influence, "DUI," on or about September 13, 2011. At the start of the January 30, 2012 revocation hearing, the probation violation warrant was amended to show that the defendant had also pled guilty to driving on a suspended license and resisting arrest at the same time as the DUI.

Megan Cadagon testified that she was the defendant's probation officer and that the defendant violated the terms of his probation by obtaining new charges for DUI, resisting arrest, and driving on a suspended license. She said that the defendant informed her of the new charges and that, aside from the new charges, she had no other problems with the defendant's obeying the terms of his probation.

Thomas Turnage, a former employee of the Robertson County probation office, testified that the defendant attended six of twenty-four domestic violence classes before he was arrested on new charges. While enrolled in the class, the defendant participated and seemed to take the class seriously. After the defendant was released on bond, he called Turnage and informed him of the new charges and expressed interest in returning to the class.

Pearly Cunningham, the defendant's mother, testified that the defendant lived with her while he was on probation and that he worked and contributed to the household bills during that time. She said that the defendant was not allowed to drink in her home and that he obeyed her rules. Cunningham stated that, as a child, the defendant witnessed his father and stepfather physically abuse Cunningham, which led to the defendant's anger issues and problem with alcohol. She said that the defendant needed treatment for his alcohol problem.

The parties stipulated that Victor Crabtree, owner of Crabtree Siding, would have testified that the defendant was employed by him at the time the defendant violated his probation.

The thirty-six-year-old defendant testified that he was placed on probation for aggravated assault on February 18, 2011. As part of his plea, he agreed to an out-of-range sentence of ten years. He explained the circumstances of the underlying offense to be that he was at the home of his ex-girlfriend's, Savannah Lokey, parents and became intoxicated and passed out. He said that the next thing he remembered was being arrested for domestic aggravated assault. He acknowledged that he severely injured Lokey and that he regretted his actions, which only happened because he was drunk.

The defendant testified that he "turn[s] to alcohol to drown the pain" when he gets emotionally distressed, but he has never been to a rehabilitation program or offered treatment from the court system. The defendant stated that the domestic violence classes he attended prior to his probation being revoked affected him in a "[v]ery positive" way. He also obtained employment with Crabtree Siding while on probation. He said that, while on probation, he reported to his probation officer as scheduled, paid his court costs and fees, and helped his mother with the bills because he was living with her.

The defendant testified that he pled guilty to DUI, for which he was offered a deal of time served, eleven months and twenty-nine days of probation, and revocation of his driver's license for one year. He explained that he began drinking on the night of his arrest because he was "stressed out" and then "made a bad decision" to drive to the store. He said that all of his arrests were the result of drinking.

The defendant testified that he was not aware that his driver's license had been suspended at the time he was pulled over and denied that he resisted arrest. He stated that he called his probation officer the day after he was released to report the disposition of the charges. He then went back to work and tried to return to his domestic violence class. However, his probation officer informed him that she would have to prepare a violation report because of the new charges, and he voluntarily reported to the jail at the end of the week.

On cross-examination, the defendant acknowledged that he was released from custody on the aggravated assault charge on February 17, 2011, and was then arrested for DUI on August 27, 2011. He admitted that he had a lengthy criminal history, including convictions for residential burglary and aggravated assault in Arkansas, as well as convictions in California for assault with force and simple possession. The defendant acknowledged that he never asked his probation officer for help with his alcohol problem while he was on probation.

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered his ten-year sentence placed into effect.

## ANALYSIS

On appeal, the defendant argues that the trial court abused its discretion in ordering that his entire ten-year sentence be placed into effect because such penalty "is much too stringent for the circumstances of his violation." A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v.

Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).

Again, the defendant asserts that the imposition of his entire sentence is too stringent because, among other reasons, he was doing well on probation and the new offenses he committed were all misdemeanors and did not involve an automobile accident.

In ordering the defendant's sentence into effect, the trial court recounted the defendant's history of criminal conduct and the circumstances of the aggravated assault. The court noted that, although the defendant blamed his actions on alcohol, he never sought treatment and was only doing so now that his "back is against the wall." The court stated that it was not going to jeopardize the public with the defendant's criminal conduct any longer given that "[e]verybody that passes down the road is a possible victim to [his] criminal activity." Substantial evidence was presented to establish that the defendant violated the terms of his probation by committing new offenses, and we cannot conclude that the trial court abused its discretion in ordering the defendant's entire sentence be placed into effect as such action was within the court's authority. See Tenn. Code Ann. §§ 40-35-310 and -311(e). Indeed, this court has previously held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999); see also State v. Markquitton Sanders, No. M2010-02212-CCA-R3-CD, 2011 WL 4529655, at *2 (Tenn. Crim. App. Sept. 29, 2011), perm. app. denied (Tenn. Nov. 17, 2011); State v. Crystal G. Barnes, No. E2009-02290-CCA-R3-CD, 2011 WL 208061, at *2 (Tenn. Crim. App. Jan. 13, 2011).

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

-4-