# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 21, 2012 Session

## STATE OF TENNESSEE v. BRIAN KEITH MEDLEY

**Appeal from the Criminal Court for Cumberland County**
**No. 10-0211       David A. Patterson, Judge**

---

**No. E2012-00646-CCA-R3-CD - Filed October 17, 2012**

---

The defendant, Brian Keith Medley, appeals the Cumberland County Criminal Court's revocation of his probation for DUI, fifth offense. He argues that the record did not contain substantial evidence in support of the court's finding that he violated his probation and that the court erred by not allowing him to assert the defense of necessity. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

David N. Brady, District Public Defender; and John B. Nisbet, III, Assistant Public Defender, for the appellant, Brian Keith Medley.

Robert E. Cooper, Jr., Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Randall A. York, District Attorney General; and Caroline Knight, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On February 2, 2011, the defendant pled guilty in the Cumberland County Criminal Court to DUI, fifth offense, and was sentenced as a Range I offender to two years in the Department of Correction. On August 8, 2011, he was released on probation after serving a portion of the sentence in the county jail. Among the conditions of his probation were that he obey all laws and that he "not use intoxicants . . . of any kind to excess."

On December 13, 2011, a probation revocation warrant was issued alleging that the defendant had violated the terms of his probation by his November 7, 2011 arrest for DUI and by using an intoxicant to excess. At the March 19, 2012 revocation hearing, the defendant's probation officer, Mark Ledbetter, testified that, in his opinion, an individual's having been arrested for DUI would mean that he had obviously used an intoxicant to excess.

Tennessee State Trooper Guadalupe Soto testified that on the evening of November 7, 2011, he responded to a call of a domestic dispute inside a vehicle that was traveling eastbound on Highway 70 West in Cumberland County. By the time he arrived, another trooper was already on the scene and the defendant and his female passenger, who was bleeding profusely from the head, were no longer inside the vehicle. The defendant told Trooper Soto that his passenger had been struck in the head by a tree limb while sitting on the window sill of the vehicle as he drove it in White County and that he had been taking her to the hospital. Trooper Soto testified that the location of the blood in the vehicle corroborated the defendant's account of who had been driving. He said the defendant failed the field sobriety tests he administered and registered .18 on the Intoxilyzer test. On cross-examination, he acknowledged that the injury to the defendant's passenger appeared very serious, testifying that the tree limb had "[p]retty much scalped her."

The forty-three-year-old defendant began his testimony by acknowledging that he was drunk on the night of his DUI arrest. He said that he and his girlfriend had been staying in a hotel in Crossville but ran out of money, so she drove them to the county line and dropped him off to wait in the parking lot of the County Line Bar while she went to ask for money from her husband. When she returned, the car was wrecked, her arm was broken, and her head was so badly cut that he could see her skull, which caused him to panic. The defendant said that he initially told her that he would drive her to the hospital but then changed his mind, telling her that he was "too drunk." He stated that he could not even start the engine because he was shaking and crying so hard, so he instead called 911. While he and his girlfriend were waiting for help to arrive, a state trooper arrived at their location.

The defendant testified that the trooper was more concerned with him than with his girlfriend but that paramedics eventually came and transported his girlfriend to the hospital. She, however, refused treatment, left the hospital, and came to the jail to post bond for him. After his release, he accompanied her as she drove back to the hospital, where she was finally treated for her injuries. The defendant reiterated that, although he was sitting in the driver's seat and had been "fixing to drive," he never actually drove the vehicle and did not know he "could go to jail for just trying to help somebody."

On cross-examination, the defendant acknowledged that he had used alcohol to excess on the day of his DUI arrest, which he knew was a violation of one of the rules of his

probation. He also explained that he was unable to seek help from anyone at the County Line Bar because it was closed at the time his injured girlfriend returned.

At the conclusion of the hearing, the trial court, accrediting the testimony of Trooper Soto over that of the defendant, found that there was proof beyond a reasonable doubt that the defendant committed a DUI and was, therefore, in violation of his probation. Accordingly, the court revoked the defendant's probation and ordered that he serve the balance of his sentence in the Department of Correction. This appeal followed.

## ANALYSIS

The defendant contends on appeal that there was no substantial evidence in support of the trial court's finding that he violated his probation and that the trial court erred by not allowing him to assert the defense of necessity.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." State v. Mitchell, 810 S .W.2d 733, 735 (Tenn. Crim. App. 1991) (citation omitted).

At the conclusion of the revocation hearing, defense counsel argued that, despite what the defendant or his probation officer thought, it was unclear whether the defendant had violated his probation by consuming alcohol in excess because the probation rules were vague as to what "in excess" means. He further argued that the defendant, by being in physical control of the vehicle, had acted out of necessity as defined by Tennessee Code Annotated section 39-11-609, which provides that "conduct is justified, if: (1) [t]he person reasonably believes the conduct is necessary to avoid imminent harm; and (2) [t]he desirability and urgency of avoiding the harm clearly outweigh the harm sought to be prevented by the law proscribing the conduct, according to ordinary standards of reasonableness." Tenn. Code Ann. § 39-11-609 (2010).

The trial court found that the defense of necessity was inapplicable because the defendant, during his testimony, never admitted to any criminal activity. The court then went on to find that the defendant had violated the terms of his probation by driving while under the influence. The trial court's ruling states in pertinent part:

> [The defendant] doesn't say that he did anything. He does not take any responsibility for driving. He takes no responsibility actually for being in physical control of the car, never started it, never touched the wheel, just happened to be sitting in the seat, somehow he was just . . . sitting in the seat. And I believe that . . . [defense counsel] and I don't do as much in the Criminal Court with necessity as maybe some others do. But I think that it requires that the defendant is at the point where he says, yeah, but I had to because the need was so great.

> Regardless, the defendant is in violation of his probation. There is proof beyond a reasonable doubt to this court that he's DUI. The officer has testified that the defendant said he was driving. This court credits his testimony fully, discredits the testimony of the defendant who is a felon on his fifth offense DUI. I don't mean to be cruel, but there is a real difference of testimony here and one is credited by the court as being correct.

The defendant argues that the trial court acted arbitrarily and abused its discretion by incorrectly ruling that he had to admit to a criminal act before he could invoke the defense of necessity. He further argues that the defense of necessity was fairly raised by the proof and that the State failed to prove by a reasonable doubt that the defense did not apply.

We see no reason why a legitimate defense strategy could not involve alternative theories of asserting innocence and a defense of necessity, as in this case. We, therefore, agree with the defendant that the trial court was mistaken on this point of law. However, we also agree with the State that the trial court implicitly rejected the defendant's claim of necessity by specifically accrediting the testimony of the state trooper over that of the defendant. According to the trooper's testimony, the defendant, who registered .18 on the Intoxilyzer test, told him that he had been driving in White County at the time his girlfriend sustained her injury. Under such circumstances, the defense of necessity would not apply. We, therefore, conclude that the trial court acted within its discretion in revoking the defendant's probation and ordering that he serve the balance of his time in confinement.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE